Marc J. Randazza, SBN 269535
Alex J. Shepard, SBN 295058
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Telephone: 702-420-2001
ecf@randazza.com
*Attorneys for Hooman Abedi Karamian a/k/a Nik Lamas-Richie*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

HOOMAN ABEDI KARAMIAN a/k/a NIK LAMAS-RICHIE,

        Plaintiff,

  vs.

EVANDER KANE,

        Defendant.

Case No.:
JUDGE:

**COMPLAINT FOR
DECLARATORY JUDGMENT**

**JURY TRIAL DEMANDED**

Plaintiff Hooman Abedi Karamian a/k/a Nik Lamas-Richie ("Richie") brings this Complaint against Defendant Evander Kane for a declaratory judgment and alleges as follows:

**<u>INTRODUCTION</u>**

Defendant Evander Kane is an NHL player surrounded by public controversies involving sexual assaults, violence against women, excessive gambling debts, and fixing NHL games. These public controversies have been widely reported on in the press. Plaintiff Nik Richie has been a journalist and commentator for more than twenty years.

Richie interviewed Anna Kane (Evander Kane's ex-wife). Anna and Richie had a one-on-one interview where Anna Kane discussed what she knew and thought about Evander Kane for 72 minutes. *See* https://www.youtube.com/watch?v=ztm4xF9h92U. Evander Kane was very unhappy about this. He wanted to do what he could to censor it. So, his attorneys came up with a creative solution – they would rely on a foreign judgment to get a prior restraint.

RANDAZZA | LEGAL GROUP

You see, Evander Kane has a judgment, from a Canadian court, that prohibits Anna Kane from "posting anything to social media about" Defendant Evander Kane and his family, bars "disparaging him or his family" on "any form of social media," and states that it "remains in effect permanently and will not expire." Ms. Kane may not speak about her ex-husband, their family, their court proceedings, or even the Canadian courts. *See* **Exhibit 1**.

No American court would ever grant an injunction this broad. In fact, the American mind recoils at the thought of it. An injunction that stops someone from even talking about court proceedings? Do they concern matters of national security? No, they do not. This is just two ex-spouses hating each other. Pretty commonplace stuff, except for the celebrity element to it.

Mr. Kane is trying to enforce this Canadian judgment (*now this part is going to be hard to believe*) against Mr. Richie – to suppress his journalism. Specifically, Evander Kane wants to censor Nik Richie's interview with Ms. Kane. He first did so by sending threats to enforce it. Richie responded by educating Kane and his counsel about the existence of the First Amendment, the Fourteenth Amendment, and the SPEECH Act. But Evander persisted that the Canadian court's restriction on free speech as to Ms. Kane (which is of dubious enforceability itself) could also be enforced against an American journalist.

Where it gets even harder to believe is that Evander Kane *succeeded* (temporarily) in using this Canadian judgment to secure a gag order. It didn't last long, but the fact that it existed at all is repulsive to the First and Fourteenth Amendments. Orange County, California Superior Court entered an unlawful prior restraint against Richie, based on an ex parte application by Evander, in part relying on the Canadian judgment.

That prior restraint was vacated. However, Evander Kane continues to maintain that the Canadian judgment's restrictions on free speech are enforceable against third parties, in the United States of America. He has, for some unknown reason, domesticated that judgment in Santa Clara County, despite the fact that Ms. Kane lives in Michigan.

Mr. Richie requires declaratory relief that the Canadian injunction, domesticated or not, cannot be enforced to suppress his First Amendment rights in any forum, for any reason. A foreign

Complaint for Declaratory Judgment

RANDAZZA | LEGAL GROUP

judgment arising from speech may neither be recognized nor enforced against an American in the United States. A judgment restraining speech, entered under foreign law that does not provide the protections guaranteed by the First Amendment, is inconsistent with the Constitution and laws of the United States and of California. No judgment or injunction can be enforced against someone who was neither a party to the proceedings nor was given an opportunity to be heard in them.

Evander Kane's "libel tourism," the practice of securing judgments against Americans' speech in foreign jurisdictions that afford lesser protection for speech, and then invoking those judgments in the United States, has the pernicious effect of chilling Americans' lawful, constitutionally protected speech. In 2010, Congress enacted the Securing the Protection of our Enduring and Established Constitutional Heritage Act (the "SPEECH Act"), 28 U.S.C. §§ 4101-05, to protect against that chilling effect. The SPEECH Act provides that foreign judgments arising from speech are not enforceable in the United States unless they satisfy American constitutional and legal standards, and it permits Americans to seek declaratory relief from foreign judgments that offend those standards. Richie seeks a declaration that the Canadian Judgment is repugnant to the Constitution and laws of the United States and the State of California and may not be recognized or enforced against him.

### PARTIES

1.      Plaintiff Richie is a natural person. He is, and at all relevant times was, a citizen of the United States and of the State of California. Richie is an American media personality, author, and commentator who publishes commentary to the public through online platforms, including his Instagram account and YouTube channel. As a citizen of the United States, Richie is a "United States person" within the meaning of 28 U.S.C. § 4101(6).

2.      Defendant Evander Frank Kane is a natural person and a citizen of Canada. Mr. Kane is a professional ice hockey player in the National Hockey League and presently plays for the Vancouver Canucks. Mr. Kane maintains substantial and continuing contacts with the State of California, including but not limited to having obtained a permanent restraining order from the Superior Court of California, County of Santa Clara (Case No. 21FL002586) (the "DVRO"), as

well as previously playing for the San Jose Sharks. Mr. Kane is an applicant and judgment-creditor under a default judgment entered May 14, 2025, by the Court of King's Bench of Alberta, Canada (Court File No. 2403 24820) (the "Alberta Judgment"). *See* Alberta Judgment, attached as **Exhibit 1**. Through counsel, and as further alleged below, Mr. Kane sent a demand letter (the "Demand Letter") demanding that Richie remove published content from U.S.-based platforms and has threatened to pursue legal remedies against Mr. Richie in connection with that content, including on the basis of the Alberta Judgment. *See* Demand Letter, attached as **Exhibit 2**. On June 10, 2026, Mr. Kane registered the Alberta Judgment with the Superior Court of California, County of Santa Clara, showing an intent to attempt to enforce the judgment against Richie specifically, because Anna Kane—the only person actually enjoined by the Alberta Judgment— does not live in California.

## JURISDICTION AND VENUE

3.      This action arises and is brought under the SPEECH Act, 28 U.S.C. §§ 4101-05, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a)(2), and 4101-05.

4.      Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

5.      Mr. Kane's contacts with California and this District subject him to this Court's jurisdiction. As set forth in further detail below, Mr. Kane:

a.      Through counsel, emailed the Demand Letter to Richie in California on May 22, 2026, demanding that Richie take certain actions to benefit Mr. Kane, including removing and retracting published content concerning Mr. Kane from Richie's Instagram account, YouTube channel, and other platforms;

b.      Invoked against Richie the DVRO against Anna Kane and the Alberta Judgment, asserting that Richie's publications in California violate those orders;

c.      On or about June 5, 2026, filed a Request for Civil Harassment Restraining Orders against Richie in the Superior Court of California, County of Orange,

- 4 -
Complaint for Declaratory Judgment

captioned *Kane v. Karamian*, Case No. 30-2026-01575619-CU-HR-CJC (the "Harassment Case");

d.    Obtained, ex parte and without any appearance by Richie, a Temporary Restraining Order against Mr. Richie in the Harassment Case on June 8, 2026, restraining Mr. Richie's personal conduct and speech, including a 100-yard stay-away order and an order to cease specified social-media postings concerning Mr. Kane (*see* TRO in Harassment Case, attached as **Exhibit 3**);

e.    Caused the court in the Harassment Case to set an Order to Show Cause re Civil Harassment, and an Order to Show Cause re Firearms Compliance, for hearing in Orange County on June 30, 2026;

f.    Has threatened to pursue, and has pursued, legal remedies against Mr. Richie in connection with his published speech, including a threatened civil suit for defamation and aiding and abetting the violation of court orders, and the recovery of "all available damages"; and

g.    Has registered the Alberta Judgment in a California state court in this District, despite Anna Kane, the only person enjoined by that judgment, not living in California.

### DIVISIONAL ASSIGNMENT

6.    This Action is assigned to the San Jose Division of this Court pursuant to L.R. 3-2(c) and (e), as it arises in Santa Clara County.

### FACTUAL BACKGROUND

#### Nik Richie and his reporting on matters of public concern

7.    Richie is an American media personality, author, and commentator. For two decades he has published commentary, reporting, and opinions to a national audience, and he publishes through online platforms including his Instagram account and YouTube channel.

8.    Richie's commentary frequently concerns public figures and matters of public interest. His publications include interviews with individuals who have personal knowledge of

newsworthy events, together with Richie's own reporting and opinion. The publication of such commentary, including commentary critical of public figures, lies at the core of the protections afforded by the First Amendment to the United States Constitution and the law of California.

### Richie's publications concerning Mr. Kane

9. Defendant Evander Frank Kane is a professional ice hockey player in the National Hockey League and a public figure.

10. On or about May 21, 2026, Mr. Richie published an interview with Anna Kane, the former wife of Mr. Kane, together with related commentary, on his Instagram account and YouTube channel (collectively, the "Publications"). The interview was titled "Nik Richie Sits Down With Anna Kane | The Ex-Wife of Disgraced NHL Star Evander Kane."

11. The Publications addressed Mr. Kane and matters of public concern. Mr. Kane contends that certain statements in the Publications are false and defamatory, and that they accuse him of criminal and immoral conduct, of having a contagious disease, and of sexual misconduct. The Publications are not actionable and are protected under the First Amendment and applicable law. Indeed, many of the statements of which Mr. Kane complained were mere recitations of allegations in other lawsuits previously filed against Mr. Kane.

### Mr. Kane's demand and threats

12. On May 22, 2026, Mr. Kane, through his counsel, transmitted the Demand Letter to Richie.

13. The Demand Letter demanded that Richie issue a retraction, permanently remove the Publications, including the interview, from all platforms on which they appeared, and cease and desist from further publication concerning Mr. Kane.

14. The Demand Letter stated that, if Richie did not comply, Mr. Kane would commence a civil suit against him for, among other things, defamation *per se* and aiding and abetting the violation of court orders, and would seek to recover all available damages.

15. The Demand Letter asserted that statements in the Publications violate the DVRO and the Alberta Judgment, and purported to place Richie on formal notice of those orders.

**The Alberta Judgment**

16.     On May 14, 2025, the Court of King's Bench of Alberta, Canada, entered the Alberta Judgment.

17.     The Alberta Judgment was entered against Anna Kane. Richie was not a party to the Alberta proceeding, was not served in it, and no judgment was entered against Richie therein.

18.     Among other things, the Alberta Judgment prohibits Ms. Kane from "posting anything to social media about" Mr. Kane, his children, or the parties' family dynamics, and from "disparaging him or his family" on "any form of social media." The Alberta Judgment states that it "remains in effect permanently and will not expire."

19.     The Alberta Judgment arose from speech and was entered under the law of Canada, which does not provide as much protection for freedom of speech and of the press as is guaranteed by the First Amendment to the United States Constitution and by the constitution and law of the State of California.

20.     The Alberta Judgment is a 'foreign judgment for defamation' within the meaning of 28 U.S.C. § 4101(1).  It arises from Anna Kane's social media speech about Evander Kane and was entered in response to claims that this speech was harmful to Kane's reputation, and constituted harassment — all quintessential defamation allegations.  It is defamation in disguise.

21.     The fact that the relief granted was injunctive rather than a damages award does not remove it from the SPEECH Act's scope; § 4101(1) expressly encompasses injunctive and declaratory relief as well as damages.

22.     The Alberta court's permanent prohibition on 'disparaging' Kane and discussing 'past legal proceedings' is speech-restrictive relief arising from allegedly defamatory statements.

**The Harassment Case and the ex parte TRO**

23.     Rather than file a civil complaint, out in the open, in an adversary proceeding, Evander Kane scurried in the shadows to seek a Civil Harassment restraining order against Richie in an Orange County Court, ex parte.  He did this on or about June 5, 2026.

- 7 -
Complaint for Declaratory Judgment

24.     On June 8, 2026, the court in the Harassment Case granted, ex parte and without any appearance by Richie, a Temporary Restraining Order against Richie.  The court set an Order to Show Cause re Civil Harassment and an Order to Show Cause re Firearms Compliance for hearing on June 30, 2026.

25.     The Temporary Restraining Order restrained Richie's speech: in an attachment to the order, the court ordered Mr. Richie to cease specified social-media postings concerning Mr. Kane.  It did so in part out of deference to the Alberta judgment.

26.     The Orange County court took judicial notice of the Alberta Judgment and, relying upon it, prohibited Richie from posting to social media content "as described or relayed to" Richie by Ms. Kane.  The court thereby gave effect, against Richie, a non-party to the Alberta proceeding, to the speech restraints contained in the Alberta Judgment.

27.     Mr. Kane also registered the Alberta Judgment with the Superior Court of Santa Clara County, California, despite Anna Kane, the only person enjoined by that judgment, not living in California.

28.     The only purpose that could be served by domesticating the Alberta Judgment in California would be to try and shut down Richie's speech in the future, as Anna Kane resides in Michigan and Evander Kane has taken no known actions in Michigan.

### The Alberta Judgment's effects on Richie

29.     Through the Demand Letter, the Harassment Case, and registering the Alberta Judgment in a California court, Mr. Kane has invoked and obtained or sought to obtain the speech restrictive applications of the Alberta Judgment against Richie, a United States citizen, on the basis of the content of Richie's published speech.

30.     The Alberta Judgment, and Mr. Kane's invocation and threatened further enforcement of it, have cast a shadow over the lawfulness of Richie's speech concerning Mr. Kane and are chilling his further speech on these matters of public concern, because not only has at least one state court judicial officer given it weight, but Mr. Kane clearly intends to keep using it to try and stifle Richie's reporting.

31.     Richie reasonably apprehends that Mr. Kane will continue to invoke the Alberta Judgment, a foreign judgment arising from speech, to restrain and penalize Richie's speech in the United States, including by seeking its recognition or enforcement against him.

32.     An actual and justiciable controversy therefore exists between Richie and Mr. Kane concerning whether the Alberta Judgment is repugnant to the Constitution and laws of the United States and the State of California and may be recognized or enforced against Mr. Richie in the United States.

## FIRST CAUSE OF ACTION
### Declaratory Judgment – First Amendment (28 U.S.C. §§ 2201-02)

33.     Plaintiff re-alleges and incorporates Paragraphs 1–32 of this Complaint.

34.     There is an actual justiciable controversy between Richie and Mr. Kane concerning whether the Alberta Judgment may be recognized or enforced against Richie in the United States. Mr. Kane has invoked the Alberta Judgment against Richie, has obtained an order in this District giving effect to its speech restraints against Richie, has threatened to enforce his asserted rights and to recover damages, and has registered the judgment in a court in this District.

35.     It is abundantly clear from the face of the Alberta Judgment, and from the proceeding that led to its entry, that the law applied by the Court of King's Bench of Alberta does not provide a modicum of the protection for freedom of speech and press as the First Amendment to the United States Constitution. For example, and without limitation, the injunction does not protect a state interest of the highest order, nor is it narrowly tailored to achieve that objective, as would be necessary in the United States for such a prior restraint order to pass constitutional muster. Mr. Kane has not met, will not meet, and cannot meet these fundamental First Amendment requirements. Moreover, the injunction is facially overbroad: it permanently prohibits all future speech by Ms. Kane (and now Richie) about Mr. Kane and his family, and even entire court systems and legal proceedings.

36.     The law applied by the Court of King's Bench of Alberta did not provide as much protection for freedom of speech as the constitution and law of the State of California would

provide. For example, and without limitation, the Alberta court did not afford the substantive protections that California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, provides to speech on matters of public interest, nor the heightened constitutional protections that California law affords to speech concerning public figures.

37. To the extent the Alberta Judgment is invoked or enforced against Richie, the speech at issue was not adjudicated under, and would be protected by, well-established First Amendment and California standards that the Alberta court did not apply, because, among other things: (a) Mr. Kane is a public figure who may not recover for speech concerning him absent clear and convincing proof of actual malice, a standard the Alberta court did not require; (b) certain of the challenged statements are constitutionally protected expressions of opinion or rhetorical hyperbole; (c) the challenged speech was not adjudicated to have been made with the requisite degree of fault under the governing constitutional standard; and/or (d) the Alberta Judgment was entered by default, without any adjudication of these constitutional protections.

38. The exercise of jurisdiction in the Alberta proceeding did not comport with the due process requirements imposed on domestic courts by the United States Constitution insofar as the Alberta Judgment is now sought to be applied against Richie. For example, and without limitation, Richie was not a party to the Alberta proceeding, was not served in it, and was afforded no notice and no opportunity to be heard before the Alberta Judgment was entered, yet Mr. Kane seeks to apply that judgment against him.

39. Therefore, Richie seeks a declaratory judgment that the Alberta Judgment is repugnant to the public policy and laws of the State of California and of the United States and is therefore not recognizable or enforceable against Richie in the United States.

The Alberta Judgment contains provisions that restrain speech in a manner that is inconsistent with the First Amendment, and thus those provisions cannot be enforced against Mr. Richie, nor any other third party, in the United States, and thus the domestication of the judgment must be declared unenforceable against Mr. Richie with respect to those provisions.

**SECOND CAUSE OF ACTION**
**Declaratory Judgment - Fourteenth Amendment**

40.     Plaintiff re-alleges and incorporates Paragraphs 1–32 of this Complaint.

41.     The Alberta Judgment was reached without due process, and thus must be declared invalid in the United States.

42.     Even if due process was met in the first instance, the Alberta Judgment was entered without due process for Mr. Richie nor any other third party.

43.     Given that Mr. Richie was a stranger to the proceeding, the Alberta Judgment cannot be enforced against Mr. Richie, nor any other third party, in the United States, and thus the domestication of the judgment must be declared unenforceable against Mr. Richie.

**THIRD CAUSE OF ACTION**
**Declaratory Judgment Under the SPEECH Act (28 U.S.C. §§ 4101-05)**

44.     Plaintiff re-alleges and incorporates Paragraphs 1–32 of this Complaint.

45.     The Alberta Judgment is a "foreign judgment for defamation" under the definitions provided by 28 U.S.C. § 4102.

46.     It is apparent from the face of the Alberta Judgment that the law applied by the Canadian Court when it entered the injunction against Ms. Kane does not provide as much protection for freedom of speech and press as the First Amendment to the United States Constitution or the California Constitution.  For example, and without limitation, the injunction does not protect a state interest of the highest order, nor is it narrowly tailored to achieve that objective, as would be necessary in the United States for such a prior restraint order to pass constitutional muster.  Mr. Kane has not met – and cannot meet – these fundamental First Amendment requirements.  Moreover, the injunction is facially overbroad:  It prohibits *all* future speech by Ms. Kane about Mr. Kane or his fiancée, their children, Mr. and Ms. Kane's "family dynamics," Mr. and Ms. Kane's daughter, Ms. Kane's "parenting arrangements, about the court system, or about these or past legal proceedings or disparaging him or his family."

47.    The law applied by the Canadian court when it entered the injunction against Ms. Kane did not provide as much protection for freedom of speech as California state and constitutional law would provide.  For example, and without limitation, the Canadian Court did not grant the protections from Mr. Kane's baseless claims that would have been afforded by California's Anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16.

48.    Therefore, Richie seeks a declaratory judgment that the Alberta Judgment is repugnant to the Constitution and laws of the United States and California and cannot be recognized or enforced in the United States.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nik Lamas-Richie respectfully requests that the Court:

1.    Declare that the Alberta Judgment is repugnant to the United States Constitution and the laws of California and the United States;

2.    Declare that the Alberta Judgment cannot be recognized or enforced in the United States;

3.    Declare that any further state action by Mr. Kane based on the same speech would be subject to anti-SLAPP protection under California law;

4.    Declare that the Alberta Judgment cannot be recognized or enforced in the United States, at least as to Mr. Richie; and

5.    Grant Richie such further relief as the Court deems appropriate, including awarding Richie his attorneys' fees and costs.

### DEMAND FOR JURY TRIAL

Plaintiff Nik Lamas-Richie demands a trial by jury on all issues so triable.

- 12 -
Complaint for Declaratory Judgment

Dated: June 25, 2026.

Respectfully Submitted,

RANDAZZA LEGAL GROUP, PLLC

/s/ Marc J. Randazza
Marc J. Randazza, SBN 269535
Alex J. Shepard, SBN 295058
8991 W. Flamingo Rd., Ste. B
Las Vegas, Nevada 89147
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Hooman Abedi Karamian
a/k/a Nik Richie

Complaint for Declaratory Judgment